# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH ANN NARDELLA, : | CIVIL ACTION |
| Plaintiff, : | |
| : | No. 09-5629 |
| v. : | |
| : | |
| PHILADELPHIA GAS WORKS, et al., : | |
| Defendants. : | |

## MEMORANDUM OPINION

**Goldberg, J.**                                                                                           July 12, 2010

Before the Court is Defendants, Philadelphia Gas Works (hereinafter "PGW"), Steven Jordon and Gary Gioioso's, motion to dismiss Plaintiff's pro se Title VII complaint, which raises claims for gender and racial discrimination. For the reasons discussed below, the motion is denied in part and granted in part.

## I. BACKGROUND

Plaintiff, Deborah Ann Nardella, was employed as a secretary with PGW from April, 2003, until she was terminated on June 26, 2008. While it is somewhat unclear from the complaint, it appears that both Defendants Jordon, who was the Director of the Customer Response Department, and Gioioso, the Director of the Organizational Department, acted as Plaintiff's supervisors during her employment. Plaintiff worked as a secretary for Jordon, but both Jordon and Gioioso participated in her performance reviews.

Generally, Plaintiff alleges that beginning in 2006 and continuing until her termination in June, 2008, Defendants harassed and discriminated against her based on her gender and race. Plaintiff claims that this conduct began when Jordon was assigned to work in her department in

January, 2006. Plaintiff asserts that she was unfairly given negative evaluations, placed on a personal improvement plan and denied a raise and that her termination was effectuated in retaliation for a Title VII complaint she filed with PGW.

The specifics of the complaint, viewed in the light most favorable to Plaintiff, are as follows:

Sometime around November, 2006, Plaintiff spoke to a supervisor about what she considered discrimination. The complaint does not specify the exact conduct that was discriminatory. The supervisor suggested that Plaintiff file a formal complaint if she was concerned, however, Plaintiff did not do so at that time. (Compl., p. 5.)

In November, 2007, Plaintiff applied for two (2) open jobs at PGW, each with a higher pay rate than her position. Shortly thereafter, Plaintiff had a confrontational meeting with Jordon where he loudly and condescendingly suggested she did not want to be at PGW. Plaintiff alleges Jordon followed her from his office to her desk and that a dispute resolution supervisor witnessed the incident and expressed fear for Plaintiff's safety. (Compl., pp. 6-7, 12.)

Around that time, Plaintiff met with Gioioso regarding the incident. During the meeting, Plaintiff reminded Gioioso that she applied for two (2) jobs. Three (3) days later, Plaintiff alleges Defendants gave her a second negative evaluation. Thereafter, the jobs for which Plaintiff applied were subsequently filled by two (2) men. Plaintiff alleges the harassment and unfair criticism continued, and on November 16, 2007, she filed a complaint with PGW's human resources department, alleging discrimination and harassment. On January 25, 2008, Plaintiff received correspondence from Gioioso informing her that the PGW legal department considered her complaint baseless. On June 26, 2008, Defendants presented Plaintiff with a letter of termination, effective immediately. (Compl., pp. 6-7, 12.)

2

Plaintiff filed her complaint with this Court on November 25, 2009, alleging gender and racial discrimination in violation of Title VII, 42 U.S.C. § 2000 et seq., retaliation in violation of Title VII and violation of the Equal Pay Act, 29 U.S.C. § 206 (hereinafter "EPA"). Plaintiff alleges she completed the process necessary to exhaust her administrative remedies under Title VII. (Compl., p. 13.) Defendants have moved to dismiss the complaint for failure to set forth a claim upon which relief can be granted.

## II. LEGAL STANDARD

When considering a motion to dismiss, the Court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the Plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (reaffirming Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The Court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Here, the Court will also liberally construe the complaint because the Plaintiff is pro se. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

### A. Form of the Complaint

Defendants have moved to dismiss Plaintiff's complaint on a number of grounds. First, Defendants argue that the complaint should be dismissed because Plaintiff failed to format her complaint in compliance with the Federal Rules of Civil Procedure. Defendants argue that Plaintiff's claims are not set forth in short, concise, numbered paragraphs. FED. R. CIV. P. 8(a)(2) & 8(d)(1). As Plaintiff's response to Defendant's motion to dismiss correctly points out however, courts should

3

construe pro se pleadings "without regard to technicalities." Lockhart v. Hoenstine, 411 F.2d 455, 459 (3d Cir. 1969). Here, Plaintiff generally states her claims in separate paragraphs, delineated by letters rather than numbers. Although this format does not correctly conform with the Federal Rules of Civil Procedure, the complaint sets forth Plaintiff's allegations and the facts on which they are based. Because leave to amend will be granted as to other issues (discussed infra), Plaintiff may amend her complaint to ensure it states her claims in short, concise, numbered paragraphs. (Def. Mot., ¶¶ 1-5; Pl. Memo., p. 3.)

### B. Municipal Immunity

Defendants also argue that PGW is entitled to municipal immunity, which prohibits Plaintiff from seeking punitive damages. Plaintiff responds that it would be unfair to allow PGW to treat its employees poorly because of its connection to the city. Nonetheless, punitive damages are not recoverable in a civil rights action against a government entity. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). A number of courts have previously found that PGW is a collection of assets operated by the Philadelphia Gas Commission, which is an arm of the city. PGW is "'synonymous with the City of Philadelphia' for the purposes of civil rights statutes." Sanders v. Philadelphia Gas Works, No. 98-6271, 1999 WL 482394, at *1 (E.D.Pa. July 2, 1999) (citations omitted). Accordingly, Plaintiff's punitive damages will be dismissed. (Def. Mot., ¶ 6; Pl. Memo., pp. 3-4.)

### C. Claims Against Individuals

Defendants have moved to dismiss the individual claims against Jordon and Gioioso, arguing that Title VII does not grant a cause of action against individuals. The Third Circuit has ruled that Title VII does not extend to individual employees. Dici v. Pennsylvania, 91 F.3d 542 (3d Cir. 1996);

4

Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996). Because the only claims Plaintiff alleges against Jordon and Gioioso relate to Title VII, we find that Plaintiff's claims against them must be dismissed. Still, "an employer is subject to vicarious liability to a victimized employee for an actionable hostile work environment created by a supervisor[.]" Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 745 (1998). Jordon and Gioioso's alleged actions, therefore, can be considered in determining whether claims against PGW are viable. (Def. Mot., ¶¶ 10-11; Pl. Memo., ¶ 11.)

### D. Unnamed Defendants

Defendants have moved to dismiss claims against all unnamed defendants, asserting that Plaintiff does not state a cause of action against anyone except the named Defendants. In response, Plaintiff claims that Defendants solicited comments on her performance from other employees, whose names Defendants have refused to reveal. The complaint contains no allegations pertaining to any unnamed defendant(s) that can "plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct at 1950. Therefore, any reference to claims against unnamed defendants will also be dismissed. (Def. Mot., ¶ 17; Pl. Memo., ¶ 17.)

### E. Failure to Exhaust Administrative Remedies

Defendants also argue that Plaintiff failed to establish that she exhausted her administrative remedies, as required by Title VII. In response, Plaintiff states that she filed complaints with the Pennsylvania Human Rights Commission, as well as the Economic Equal Opportunity Commission (hereinafter "EEOC"). She claims to have received a Right to Sue notice from the EEOC on September 9, 2009. As required, Plaintiff filed her complaint with this Court within ninety (90) days of receiving her Right to Sue notice. Accordingly, Plaintiff has properly exhausted her

administrative remedies and may amend her complaint to include the details of her EEOC filing and subsequent Right to Sue notice, which are mentioned for the first time in her response to the motion to dismiss.[1] (Def. Mot., ¶¶ 7-9; Pl. Memo., pp. 4-5.)

### F. **Discrimination**

#### 1. **Gender**

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff claims she was discriminated against based on her gender and race, specifically alleging that Defendants unlawfully prevented her from obtaining a promotion at PGW. In order to establish a case of gender discrimination, Plaintiff must show: 1) that she was a member of a protected class, 2) that she was qualified for the job, and 3) that another person outside the protected class was treated more favorably. Brown v. Hamot Med. Ctr., 323 Fed.Appx. 140 (3d Cir. 2009). Plaintiff claims she applied for two (2) available positions at PGW in November, 2007, and was already performing many of the duties associated with the jobs at the time she applied. She also claims that three (3) days after learning she applied for the positions, Defendants gave Plaintiff her second negative performance review. The jobs in question were eventually given to two (2) males. (Compl., pp. 7-8.)

Defendants have moved to dismiss the count containing Plaintiff's gender discrimination claim - titled "Discrimination in Violation of the Statute *Union Contacts*," because no such cause

---

[1] We are cognizant of our obligation to grant pro se litigants leave to amend unless the amendment would be futile. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

of action exists. Alternatively, Defendants seek dismissal on the grounds that Plaintiff has failed to exhaust her administrative remedies. (Def. Mot., ¶¶ 12-13.) Defendants have not moved to dismiss this claim for failure to state a claim upon which relief can be granted.

As discussed supra, Plaintiff appears to have satisfied her administrative remedies requirement and has been granted leave to amend her complaint to reflect that information. Despite Plaintiff's unclear title for her cause of action, when viewed liberally, and in light of Plaintiff's pro se status, we find that Plaintiff has blandly pled the three (3) requirements for a gender discrimination claim.

### 2. Race

Plaintiff alleges racial discrimination as well. Because Plaintiff, who is white, is not a member of a protected racial class, her claim must be considered as one (1) of reverse discrimination. In order to establish a cause of action for reverse discrimination, Plaintiff must show that she was "treated less favorably than others because of [her] race." Messina v. E.I. DuPont Nemours & Co., 141 Fed.Appx. 57 (3d Cir. 2005). Here, Plaintiff includes only one (1) paragraph that could possibly be construed as containing allegations of racial discrimination. She claims to have been denied computer training that was offered to two (2) black employees. (Compl., p. 7.) Even construing the allegations liberally and in the light most favorable to the Plaintiff, we find that she alleges no facts to establish she was discriminated against because she is white, and consequently, Plaintiff's Title VII claims regarding her race must be dismissed. In light of Plaintiff's pro se status, we will allow her to amend her complaint, if she can do so responsibly, to cure this fatal deficiency.

### G. Hostile Work Environment

#### 1. Gender

A plaintiff may also establish a violation of Title VII by showing that gender or racial harassment created a "hostile work environment." Huston v. Proctor & Gamble, 568 F.3d 100 (3d Cir. 2009). In order to establish the existence of a hostile work environment, Plaintiff must prove the following: (1) she suffered intentional discrimination because of her gender or race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same gender or race in the same position; and (5) the existence of respondeat superior liability. Id. at 104. Here, Plaintiff claims Defendants created a hostile work environment through gender-based harassment. Though the supporting facts are dispersed throughout the complaint, the allegations, taken together, are based generally on a series of negative evaluations, hostile confrontations and attempts to push Plaintiff out of her job. (See Compl., p. 9.) Defendants have moved to dismiss this claim on the grounds that Plaintiff has not pled all of the necessary elements. (Def. Mot., ¶¶ 13-14.)

As it relates to gender, "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discrimination . . . because of . . . sex.'" Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80 (1998) (citations omitted). "The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Andrews v. City of Philadelphia, 895 F.2d 1469, 1485 (3d Cir. 1990). Plaintiff alleges verbal harassment, but offers few, if any, facts suggesting that the harassment was motivated by her gender. Similarly, she does not claim that other female employees were subjected to similar conditions. It is not enough to allege, as Plaintiff does, that Defendant Jordon seemed "more comfortable around male employees." (Compl., p. 9.) Because Plaintiff has not satisfied the first element necessary to establish a hostile work environment, Plaintiff's Title VII

claim must be dismissed. If Plaintiff can allege facts to cure this deficiency and establish the remaining four (4) elements of a hostile work environment claim as well, she may amend her complaint to include those allegations. We advise, however, that if Plaintiff chooses to amend her complaint regarding an alleged hostile work environment claim, she must satisfy all five (5) required elements.

### 2. Race

Like gender discrimination, racial discrimination can also create a hostile work environment. In order to establish the existence of such an environment, Plaintiff must satisfy the same five (5) elements discussed above, as they relate to race. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). Here, Plaintiff offers no facts that could establish she was harassed because she is white. Therefore, her hostile work environment claim, as it pertains to race, must also be dismissed. If Plaintiff can allege facts which show that racial discrimination created a hostile work environment, she may amend her complaint to include those allegations.

### H. Equal Pay Act

Plaintiff claims she was paid less than co-workers performing similar duties, in violation of the EPA. (Compl., pp. 11-12.) Defendants argue that Plaintiff merely states that other employees were paid more, which is insufficient to establish a cause of action. (Def. Mot., ¶ 15.) Plaintiff is not required to show that she was paid less than co-workers with the same jobs, but only "that the jobs being compared are substantially equal[.]" Heller v. Elizabeth Forward Sch. Dist., 182 Fed.Appx. 91 (3d Cir. 2006). Plaintiff only alleges however, that she was asked to perform certain duties performed by "Supervisors, Directors and the Administrative Coordinator," and was not paid

for those duties. (Compl., p. 11.) Plaintiff does not claim that her job was substantially equal or even substantially similar to those earning higher salaries. Plaintiff also fails to allege that she was paid less than employees of the opposite sex, which is required to establish a cause of action under the EPA. See Stanziale v. Jargowsky, 200 F.3d 101 (3d Cir. 2000). Thus, Plaintiff's EPA claims will also be dismissed. If Plaintiff can allege facts establishing that she was paid less than employees with substantially equal jobs and that the lesser pay was the result of her gender, she may amend her complaint accordingly.

**IV. CONCLUSION**

With the exception of the gender discrimination and retaliation claim, all of the claims in the complaint are dismissed for failure to set forth sufficient facts to establish a claim for relief. Because the Court cannot determine at this time whether amendment would be futile as to the form of the complaint, failure to exhaust her administrative remedies allegations, Title VII racial discrimination claims, gender and racial hostile work environment claims, and EPA claims, the Court will dismiss these claims without prejudice so that the Plaintiff may, if she can do so responsibly, amend her complaint to cure its deficiencies. See Fletcher-Harlee Corp., 482 F.3d at 251. The punitive damages claim against PGW is dismissed with prejudice. Any unnamed defendants are dismissed with prejudice for failure to state a claim as are the Title VII claims against Defendants Jordon and Gioioso.

Our Order follows.