IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH ANN NARDELLA | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-5629 |
| PHILADELPHIA GAS WORKS, ET AL. | : | |

**SURRICK, J.**                                                    **OCTOBER  22 , 2014**

**<u>MEMORANDUM</u>**

Presently before the Court is Plaintiff's Motion for Reconsideration (ECF No. 51).  For the following reasons, Plaintiff's Motion will be denied.

**I.      BACKGROUND**

Plaintiff Deborah Ann Nardella brought this employment-discrimination action *pro se* against her former employer, Philadelphia Gas Works.  The Amended Complaint alleges claims for harassment, retaliation, hostile work environment, and discrimination based on race and gender in violation of Title VII, as well as violations of the Equal Pay Act of 1963.  (Am. Compl. ¶¶ 1- 219, ECF No. 12.)  On April 3, 2012, we granted Defendant's motion to dismiss with regard to Plaintiff's harassment and Equal Pay Act counts and denied the motion with regard to her Title VII claims.  (ECF No. 31.)

Defendants filed a motion for summary judgment on the remainder of Plaintiff's claims at the close of discovery.  (ECF No. 42.)  We granted Defendant's motion on January 30, 2014, and entered judgment against Plaintiff.  (*See* Mem. S.J., ECF No. 49, Order, ECF No. 50.)  Plaintiff filed the instant Motion for Reconsideration on February 12, 2014, and Defendant filed its Response on February 28.  (Pl.'s Mot. Reconsideration, ECF No. 51; Def.'s Resp., ECF No. 52.)

Because we engaged in a thorough recitation of the factual background in our Memorandum granting Defendant's motion for summary judgment, *see Nardella v. Philadelphia Gas Works*, 997 F. Supp. 2d 286, 289-93 (E.D. Pa. 2014), and because we write primarily for the parties, we refer to the recitation of facts in that Memorandum.  (*See* Mem. S.J. 2-8.)

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration.  *Waller v. Foulke Mgmt. Corp*., No. 10-6342, 2012 WL 924865, at *1 n.1 (D.N.J. Mar. 19, 2012).  Courts therefore generally interpret such motions as a motion to alter or amend a judgment under Rule 59(e), or a motion for relief from a judgment under Rule 60(b).  Plaintiff's motion is timely under either standard.  *See* Fed. R. Civ. P. 59(e), 60(c)(1), Local Rule 7.1(g).  Plaintiff cites the standard for a motion to alter or amend a judgment under Rule 59(e) (*see* Pl.'s Mot. Reconsideration 13-14), so we will consider her Motion as such.

"A proper [Fed. R. Civ. P.] 59(e) motion [for reconsideration] . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  *OR v. Hutner*, 576 F. App'x 106, 2014 WL 3937715, at *2 (3d Cir. Aug. 13, 2014) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam)) (alterations in original).  As the movant, Plaintiff bears the burden of establishing one of these three grounds.  *In re Loewen Grp. Inc. Sec. Litig.*, No. 98-6740, 2006 WL 27286, at *1 (E.D. Pa. Jan. 5, 2006).  "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly."  *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (alteration in original) (internal quotation marks omitted).  "Mere

dissatisfaction with the court's ruling is not a proper basis for reconsideration." *E.E.O.C. v. Dan Lepore & Sons Co.*, No. 03-5462, 2004 WL 569526, at *2 (E.D. Pa. Mar. 15, 2004).

### III.   DISCUSSION

The majority of Plaintiff's Motion for Reconsideration consists of expressions of disagreement and dissatisfaction with our grant of Defendant's motion for summary judgment. This is not a proper ground for a Rule 59(e) motion.  *See id.*  Plaintiff states that she "does not agree with the Court that Defendant established a legitimate, non pretextual [sic] justification for her termination and respectfully requests that the Court once again carefully review the Response [to Defendant's summary-judgment motion], Exhibits, and testimony."  (Pl.'s Mot. Reconsideration 7.)  She also states that "[a]s far as the Court's comment that the **denial of raises** could be the result of PGW's dissatisfaction with Plaintiff's attitude and performance, Plaintiff Pro Se will state with certainty that the **denial of raises** for this plaintiff was more in line with **pretext** for discrimination."  (*Id.* (emphasis in original).)  Again, this is nothing more than a disagreement with our ruling on summary judgment.  It has no basis in any of the grounds for reconsideration under Rule 59(e).  We will address Plaintiff's arguments to the extent they allege a change in the law, newly discovered evidence, or a clear error of law or manifest injustice that requires correction.  *Hutner*, 2014 WL 3937715, at *2.  We will not revisit determinations with which Plaintiff merely disagrees.

### A.   Changes in the Law

Plaintiff's motion obliquely references changes in the law, stating that she "noticed that many similar cases were televised on national T.V. along with changes in the law."  (Pl.'s Mot. Reconsideration 2.)  She adds that "[i]t appears that when plaintiff prepares or files something, the laws change quickly, to the point that she feels that someone is always trying to stay one step

ahead of her or trying to prevent her from winning something." (*Id.*)  Though she mentions

changes in the law regarding reverse discrimination and in the causation standard for retaliation

claims, Plaintiff does not cite any cases that illustrate these changes.  (*See id.* at 14.) [1]

Regarding Plaintiff's argument that the causation standard in retaliation claims has

changed, she may be referring to the U.S. Supreme Court's decision in *University of Texas*

*Southwestern Medical Center v. Nassar*, __ U.S. __, 133 S. Ct. 2517 (2013).  *Nassar* does not

save her retaliation claim for two reasons.  First, *Nassar* was decided before we granted

Defendant's motion for summary judgment, so it is not "an intervening change in controlling

law."  *Hutner*, 2014 WL 3937715, at *2.  Second, even if *Nassar* had become the law after we

granted Defendant's summary-judgment motion, it would not help Plaintiff.  *Nassar* introduces a

stricter but-for causation standard in retaliation claims, replacing the more permissive

motivating-factor standard that previously governed retaliation claims.  *Nassar*, 133 S. Ct. at

2533.  In Plaintiff's case it makes little difference:  her retaliation claim fails to satisfy either

standard.

Plaintiff also claims that "[t]he wording of the elements of a gender-race based hostile

environment seemed to change somewhat compared to different definitions and Court Opinions."

(Pl.'s Mot. Reconsideration 14.)  We perceive no substantive change in the elements of a claim

for hostile work environment.  *Compare Yarnall v. Phila. Sch. Dist.*, No. 11-3130, 2014 WL

4851502, at *11 (E.D. Pa. Sept. 30, 2014) (stating the elements as:  "(1) the employee suffered

intentional discrimination because of their race; (2) the discrimination was severe or pervasive;

(3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would affect a

---

[1] Plaintiff does direct the Court's attention to "Sidney Gold & Associates section over the Internet for a description of the changes and current laws."  (Pl.'s Mot. Reconsideration 15.)  Our research has revealed no cases to which this law firm has been a party, and a review of the firm's website revealed no information that would appear helpful to Plaintiff's cause.

reasonable person in like circumstances; and (5) the existence of *respondeat superior* liability"),

*with Weems v. Kehe Food Distributors, Inc.*, 804 F. Supp. 2d 339, 342 (E.D. Pa. 2011) ("1) the

employee suffered intentional discrimination because of his or her protected status; 2) the

discrimination was pervasive and regular; 3) the discrimination detrimentally affected the

plaintiff; 4) the discrimination would detrimentally affect a reasonable person of the same status

in that position; and 5) the existence of respondeat superior liability.").

Plaintiff also alleges without citation that reverse discrimination "does not share the same

elements as gender discrimination as appears in the Opinion." (Pl.'s Mot. Reconsideration 14.)

We believe Plaintiff is referring to our observation that the *McDonnell Douglas* burden-shifting

analysis applies to both claims. (*See* Mem. S.J. 10.) The only difference between the elements

of a prima facie case in the two claims is that a white plaintiff need not show that he or she was a

member of a protected class, because "the literal application of the test would preclude its use by

White plaintiffs alleging 'reverse discrimination.'" *Iadimarco v. Runyon*, 190 F.3d 151, 158 (3d

Cir. 1999). Obviously, we did not deny Plaintiff's reverse-discrimination claim on the basis that

she was not a member of a protected class. Rather, we concluded that there was no evidence in

the record to support a claim that her alleged mistreatment was motivated by her race or gender.

(Mem. S.J. 13.)

**B.    The Need to Correct Clear Error of Law or Prevent Manifest Injustice**

Plaintiff does not argue that new evidence has come to light since we granted

Defendant's motion for summary judgment. Accordingly, we consider whether there was a clear

error of law in our ruling or a manifest injustice that requires correction. We conclude that there

is neither.

Plaintiff states that "a manifest injustice has occurred as the Court did not provide a concise portrayal of the plaintiff, omitting important sections, ignoring the **'acceptable'** ratings, **protecting plaintiff from unlawful discrimination** and denying plaintiff's case."  (Pl.'s Mot Reconsideration 15 (emphasis in original).)  We carefully reviewed the record as a whole before ruling on Defendant's motion for summary judgment and came to the conclusion that no reasonable jury could find in Plaintiff's favor.  There was simply no evidence in the record to establish that the treatment Plaintiff endured as a secretary at PGW was in any way motivated by her race or sex.  (*See* Mem. S.J. 13 ("Plaintiff has put forth no evidence to support her assertion that the mistreatment that she allegedly endured was motivated by her race or gender.").)  The only mention in the record of possible discriminatory animus by Plaintiff's boss is her allusion in her deposition to overhearing him mutter, "I hate white people.  That's why I hate white people." (*Id.* at 13 n.6.)  Plaintiff appeared to retract that statement (*see id.*), but even if she had not, it is well settled that a single offensive remark is not a sufficient basis to sustain a Title VII claim. *See, e.g.*, *Kidd v. MBNA Am. Bank, N.A.*, 93 F. App'x 399, 402 (3d Cir. 2004) (holding that "a few isolated incidents" in which coworker made disparaging remarks about the plaintiff's national origin were "insufficient to establish a cause of action for a hostile work environment under Title VII"); *Rohm & Haas Co. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 781 F. Supp. 2d 251, 257 (E.D. Pa. 2011) ("Title VII is not a general civility code, and is not violated by mere utterance of an [isolated] ethnic or racial epithet which engenders offensive feelings in an employee." (citations and internal quotation marks omitted)).  There has been no clear error of law or manifest injustice here.

**IV.     CONCLUSION**

For the foregoing reasons, we are compelled to conclude that Plaintiff's Motion for

Reconsideration must be denied.

An appropriate Order will follow.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**